UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-22014-MC-MARTINEZ-MCALILEY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE MCALILEY'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Chris M. McAliley, United States Magistrate Judge for a Report and Recommendation on the Equal Employment Opportunity Commission's ("EEOC") Application for an Order to Show Cause Why an Administrative Subpoena Should Be Enforced (D.E. No. 1). Magistrate Judge McAliley filed a Report and Recommendation (D.E. No. 34), recommending that the EEOC's application be denied. The Court has reviewed the entire file and record and has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. (D.E. No. 43). When reviewing an action to enforce an administrative subpoena, the district court is limited to a determination of whether the charge is valid, the material requested is relevant to the charge and "more generally to assess any contentions by the employer that the demand for information is too indefinite or has been made for an illegitimate purpose." *Univ. of Penn. v. EEOC*, 493 U.S. 182, 191 (1990); (D.E. No. 34 at 4). This Court finds that Magistrate Judge McAliley properly found

that the information objected to in the subpoena by Royal Caribbean Cruise Line, Ltd. ("RCCL") was not relevant to the charge and, as such, appropriately recommended denial of the Application for an Order to Show Cause Why an Administrative Subpoena Should Be Enforced.

The EEOC first objects to the Magistrate Judge's finding that the company-wide information sought by the EEOC was irrelevant to the individual charge of discrimination being investigated.[1] Specifically, the EEOC argues that the Report and Recommendation inaccurately concludes that because the discrimination charge mentions only an individual charge of discrimination, the EEOC cannot subpoena information about other potential victims of discrimination directly related to the facts of the individual charge. The EEOC takes the position that it should be permitted to investigate the charge in a way that promotes the public interest, for example, to investigate other similar statutory violations. However, this Court finds that applicable case law supports Magistrate Judge McAliley's findings. Particularly, courts have found that an individual charge of discrimination does not, without more, give the EEOC the power to investigate company-wide employment practices in search for potential class members. *EEOC v. Burlington N. Santa Fe R.R.*, 669 F.3d 1154, 1159 (10th Cir. 2012) (holding that "nationwide recordkeeping data is not 'relevant to' charges of individual disability discrimination filed by two men who applied for the same type of job in the same state"); *accord EEOC v. Nestle Prepared Foods*, No. 5:11-mc-358-JMH-REW, 2012 WL 1888130, at *3 (E.D. Ky. May

---

[1] The individual discrimination charge was asserted by Jose Morabito ("Morabito"), an Argentinian national who was employed by Defendant RCCL as an assistant waiter on the *Sovereign of the Seas*. Morabito alleges RCCL violated the Americans with Disabilities Act of 1990 ("ADA") when his contract was not renewed after he was diagnosed with a medical condition. In its subpoena, the EEOC sought information about foreign crew of foreign-flagged vessels, or foreign applicants for employment on those vessels. RCCL objected that this request was not relevant to the charge brought by Morabito.

23, 2012) (finding that a single charge of genetic discrimination, without more, cannot give rise to a company-wide inquiry in search of potential class members). "[T]he EEOC's investigative authority is tied to charges filed with the Commission; unlike other federal agencies that possess plenary authority to demand to see records relevant to matters within their jurisdiction, the EEOC is entitled . . . access only to evidence 'relevant to the charge under investigation.'" *EEOC v. Shell Oil Co.*, 466 U.S. 54, 64 (1984) (quoting § 2000e-8(a)).

Magistrate Judge McAliley found that "the information requested by the subpoena, however, goes well beyond Morabito's claim and encompasses all employees or potential employees who were terminated or not renewed, and applicants who were not hired, for any medical reason, world-wide." (D.E. No. 34). As such, the request amounts to "nationwide recordkeeping" not relevant to Morabito's individual charge of disability discrimination. *Burlington N. Santa Fe R.R.*, 669 F.3d at 1159. Magistrate Judge McAliley further found that:

> [I]t is undisputed that the EEOC'S sweeping demand for information about all foreign crew is designed not to flesh out Morabito's charge, but rather to identify all other crew members denied employment due to RCCL'S application of the BMA medical standards. In its briefing, the EEOC contends that the subpoena should be enforced because it must discover other employees who may have been subjected to disability discrimination or "otherwise risk being foreclosed from seeking relief on their behalf." [DE 27, p. 14]. At the hearing, however, the EEOC conceded that it could bring a Commissioner's charge alleging a pattern and practice of discrimination by RCCL, and then investigate that allegation. *See, e.g*, 42 U.S.C. § 2000e-5 (empowering a member of the EEOC to bring a charge of an unlawful employment practice on behalf of others); *United Air Lines*, 287 F.3d at 655 (EEOC is free to broaden its investigation by filing a commissioner's charge); *Southern Farm Bureau Casualty Insur. Co.*, 271 F.3d at 211 (same).

(D.E. No. 34 at 11-12). The individual charge of discrimination does not allege a company-wide

pattern and practice of discrimination under the ADA. Such a charge has not been brought. As such, the request amounts to an unauthorized fishing expedition. *Nestle*, 2012 WL 1888130, *3.

The EEOC also objects to the Report and Recommendation by arguing that Magistrate Judge McAliley "erred in applying too stringent of a relevancy standard" in finding that investigating company-wide employment practices was not relevant to the discrimination charge filed. (D.E. No. 43 at 16). Specifically, the EEOC states that the "subpoena is thoroughly 'anchored' to Morabito's charge because the information requested in the EEOC's subpoena is regarding the same type of discrimination that Morabito alleges, i.e. denial of employment based on a medical condition." *Id.* at 19. This Court understands that it must construe the relevancy requirement broadly in favor of the EEOC. *EEOC v. Roadway Exp., Inc.*, 261 F.3d 634, 637 (6th Cir. 2001). However, the limits to the relevance standard are meant to keep the EEOC from engaging in "fishing expeditions" while investigating isolated acts of discrimination. *EEOC v. United Airlines, Inc.*, 287 F.3d 643, 653 (7th Cir. 2002) (finding that allowing the EEOC to conduct a company-wide inquiry for an investigation arising out of an individual charge of discrimination would render the relevance requirement a nullity). This Court agrees with Magistrate Judge McAliley's finding that "the broad company-wide information sought by the EEOC here is not relevant to the individual charge brought by Morabito. Rather, it is relevant to a charge that has yet to be brought: that RCCL engages in a company-wide pattern and practice of discrimination in violation of the ADA." (D.E. No. 34 at 12). As such, this Court agrees with the finding that enforcement of the subpoena is inappropriate and would "eviscerate the relevancy requirement and condone fishing expeditions." *Id.* (quoting *Nestle*, 2012 WL 1888130, *3).

Lastly, the EEOC objects to Magistrate Judge McAliley's finding that compliance with the subpoena would be unduly burdensome to RCCL. The EEOC argues that Magistrate Judge McAliley's reasoning is conclusory and RCCL has shown only that production of the requested documents would be time consuming but not that it would "seriously disrupt [RCCL's] normal business operations." (D.E. No. 43 at 25). Although this Court agrees that the information requested in the subpoena is not relevant and, thus, need not reach this issue, this Court nevertheless agrees with Magistrate Judge McAliley's finding that RCCL devoting five to seven employees for 60 days of full-time labor to manually process the EEOC's requested documents is unduly burdensome. (D.E. No. 34 at 16). Particularly, Magistrate Judge McAliley found that compliance with this request would also be unduly burdensome in light of the challenge to jurisdiction raised by RCCL, the relevancy concerns and high volume of information required from ports world-wide from which RCCL hires employees. *Id.*; *see United Air Lines*, 287 F.3d at 655 (finding that the sheer volume of the request encompassing the files of airline employees living abroad makes it unduly burdensome). For the reasons explained above, this Court agrees with Magistrate Judge McAliley's findings.

After careful consideration, the Court affirms and adopts the Report and Recommendation. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge McAliley's Report and Recommendation (D.E. No. 34) is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that

1. The EEOC's Application for an Order to Show Cause Why and Administrative Subpoena Should be Enforced (D.E. No. 1) is **DENIED**.

2. This case is **CLOSED** and all pending motions are **DENIED as moot.**

DONE AND ORDERED in Chambers at Miami, Florida, this __6__ day of June, 2013.

>   JOSE E. MARTINEZ
>   UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record